IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

LIBBY J. FRENCH,

    Defendant.

Case No. 12-cr-40104-JPG-002

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Libby J. French's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (2015) (Doc. 86).   Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw on the grounds that she can make no non-frivolous arguments in support of a request for reduction (Doc. 94).   *See Anders v. California*, 386 U.S. 738, 744 (1967).   The Government has responded that it concurs with counsel's motion (Doc. 96).   The defendant has not responded, although she was given an opportunity to do so.

The defendant pled guilty to one count of conspiracy to manufacture methamphetamine and one count of maintaining a place to manufacture methamphetamine.   At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 2,788.8 kilograms of marijuana equivalent, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32.   The defendant's offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(6) for her conviction for her maintaining a place conviction and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant timely accepted responsibility for her crimes.   This established a total offense level of 31 which, considering the defendant's criminal history category of I, yielded a sentencing

---

[1]Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2012 version.

range of 108-135 months in prison. The Court granted the defendant's motion for a downward variance from the guideline range and imposed a sentence of 87 months.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2015).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant satisfies the first criterion because she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower the base offense levels associated with various drug amounts. The amendment reduced the defendant's base offense level from 32 to 30. Her total offense level then fell from 31 to 29, yielding a lower sentencing range of 87-108 months.

However, the defendant does not satisfy the second criterion because allowing a reduction would be inconsistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2015). That section provides that the guideline range reduction contained in Amendment 782 may be applied retroactively with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (d) (2015). One of those limitations is that the Court may not reduce a defendant's term of imprisonment to a term that is lower than the amended guideline range unless an existing below-guideline sentence was imposed as a result of the Government's request for a lower sentence due to the defendant's substantial assistance to the Government. U.S.S.G § 1B1.10(b)(2)(A) & (B) (2015). The defendant's original term of imprisonment (87 months) is at the lower limit of the amended guideline range (87-108 months), so any reduction from that sentence would be lower than the amended guideline range. However, since the existing below-guideline sentence was not a result of a Government motion based on the defendant's substantial assistance, a reduction from that sentence below the amended guideline range would be inconsistent with U.S.S.G. § 1B1.10(b)(2)(A) & (B) (2015). Therefore, the Court cannot reduce the defendant's sentence.

For the foregoing reasons, the Court **DENIES** French's *pro se* motion for a sentence reduction (Doc. 86), **GRANTS** counsel's motion to withdraw (Doc. 94) and **ORDERS** that counsel is **WITHDRAWN** from this case. The Clerk of Court is hereby **DIRECTED** to mail a copy of this order to defendant Libby J. French, Reg. No. 09943-025, FCI-Waseca, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1731, Waseca, MN 56093

**IT IS SO ORDERED.**
**DATED:   January 13, 2016**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **U.S. DISTRICT JUDGE**